## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA SLIVAK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BREAD COMPANY, LLC, PANERA, LLC,<br><br>Defendant(s) | **FILED**<br>**AUG 0 1 2017**<br>KATE BARKMAN, Clerk<br>By_____Dep. Clerk<br><br>Civil Action No.: 16-cv-06294 |

### AMENDED CLASS ACTION COMPLAINT

Plaintiff Jessica Slivak ("Plaintiff" or "Slivak"), on behalf of herself and all others similarly situated and alleges as follows:

### INTRODUCTION

1.      Plaintiff Slivak is an "individual with a disability" as that term is understood pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., (the "ADA") and its implementing regulations.

2.      Plaintiff Slivak was born with *osteogenesis imperfecta* (aka brittle bone disease), which requires her to use a wheelchair on a daily basis.

3.      Indeed, for mobility, Plaintiff Slivak has used a wheelchair for her entire adult life. Further, Plaintiff maintains a specially modified mini-van with an automatic side-ramp, allowing Plaintiff to wheel herself in and out of her vehicle, so as to permit her to travel independently.    Naturally, this vehicle is registered as a handicap vehicle with the Commonwealth of Pennsylvania's Department of Transportation and consequently, bears a handicap license plate.

1

4.     Because of her vehicle's sideramp, Plaintiff requires the use of handicap parking spaces in order to provide her with sufficient space for access to and from her motor vehicle.

5.     Plaintiff has patronized Defendants' facilities in the past, and will continue to do so in the future.

6.     As set forth below, Plaintiff was denied full access to Defendants' facilities due to its non-compliance with the ADA.  As set forth below, Defendant has failed to comply with the ADA's regulations regarding handicap parking.   As such, Plaintiff alleges that Defendant violated the ADA and its implementing regulations.

7.     Unless Defendant corrects the access barriers detailed herein, Plaintiff will be denied safe and full access to Defendants' facilities.

8.     The ADA permits private individuals, such as Plaintiff, to bring suit in federal court so as to compel compliance with the ADA.

9.     Accordingly, and on behalf of a class of similarly situated individuals, Plaintiff seeks: (i) a declaration that Defendants' facilities violate federal law as described; and (ii) an injunction requiring Defendant to remove the identified access barriers so that they are fully accessible to, and independently usable by, physically-impaired individuals such as Plaintiff and the class she seeks to represent.

10.     Plaintiff also requests that once Defendant is fully in compliance with the requirements of the ADA, the Court retain jurisdiction for a period of time to be determined to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

## JURISDICTION AND VENUE

11.     This Court has federal question jurisdiction over the ADA claims asserted herein

2

pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

12.     Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

13.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

14.     Plaintiff Jessica Slivak ("Plaintiff" or "Slivak") is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania.   Plaintiff Slivak is and, at all times relevant hereto, has been a legally handicapped individual, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*

15.     Defendant American Bread Company, LLC d/b/a Panera Bread (individually, "American Bread") is a business incorporated in the state of Ohio, with principal offices located at 8905 Lake Avenue, Lakewood, Ohio 44102.   American Bread is one of the nation's largest franchisees of Panera Bread Bakery Cafes ("Panera"), including one located at 151 East Swedesford Road, Exton, PA 19341.

16.     Defendant Panera, LLC (individually, "PLLC") is a limited liability company organized in the State of Delaware that owns and franchises Panera bakery-cafes in the United States and maintains a primary business location at 6710 Clayton Road Richmond Heights Saint Louis, MO 63117.

## TITLE III OF THE ADA

17.     On July 26, 1990, President George H.W. Bush signed into law the ADA, a

3

comprehensive civil rights law prohibiting discrimination on the basis of disability.

18.     The ADA broadly protects the rights of individuals with disabilities with respect to employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

19.     Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. §§ 12181-89.

20.     On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 CFR Part 36.[1]

21.     Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR part 36) contains the ADA standards for Accessible Design ("1991 Standards"), which were based upon the Americans with Disabilities Act Accessibility Guidelines ("1991 ADAAG") published by the Access Board on the same date.[2]

22.     The ADA requires removal of existing architectural barriers in facilities existing before January 26, 1992 where such removal is readily achievable. 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv) and 28 CFR § 36.304(a).

---

[1] The DOJ is the administrative agency charged by Congress with implementing the requirements of the ADA.

[2] The Access Board was established by section 502 of the Rehabilitation Act of 1973. 29 U.S.C. § 792. The passage of the ADA expanded the Access Board's responsibilities. The ADA requires the Access Board to "issue minimum guidelines . . . to ensure that buildings, facilities, rail passenger cars, and vehicles are accessible, in terms of architecture and design, transportation, and communication, to individuals with disabilities." 42 U.S.C. § 12204. The ADA requires the DOJ to issue regulations that include enforceable accessibility standards applicable to facilities subject to Title III that are consistent with the "minimum guidelines" issued by the Access Board, 42 U.S.C. § 12134(c), 12186(c).

23.     Facilities newly built or altered after January 26, 1993 must be readily accessible and usable by disabled individuals, including individuals who use wheelchairs. 28 CFR § 36.401 and 28 CFR § 36.402.

24.     The DOJ revised the 1991 ADAAG when it issued The 2010 Standards for Accessible Design ("2010 Standards"), which were published on September 15, 2010.

25.     Notably, many of the requirements with respect to parking remained the same in the 2010 Standards.

26.     As set forth below, Defendant has failed to comply with those requirements.

## VIOLATIONS AT ISSUE

27.     Defendants own, operate, and/or lease a place of public accommodation.

28.     Defendants' facilities are not fully accessible to, and independently usable by, individuals with disabilities.

29.     On or about March 14, 2015, Plaintiff Slivak visited Defendants' facilities located at 151 East Swedesford Road, Exton, PA 19341 (the "Exton Location").

30.     The Exton Location is within Plaintiff's regular area of travel.  She has patronized this location in the past and intends to do so again in the future.

31.     During one or more of her recent visits, Plaintiff experienced difficulty and unnecessary risk due to the existence of architectural barriers that impeded her access to, and ability to use, Defendants' facilities.

32.     Specifically, no parking spaces in Defendants' parking area were designated "van accessible" as required by the ADA.

33.     Section 208.2.4 of the 2010 Standards requires "at least one" van accessible designated parking space for every six accessible parking spaces a facility maintains.

5

34.     Additionally, the purportedly accessible parking spaces contained signs that state "5 Minute Parking."

35.     As a result of Defendants' failure to provide "van accessible" spaces as required by the ADA, Plaintiff cannot safely lower her van's ramp, which is her only means of entry and exit from her vehicle.

36.     Importantly, upon information and belief, the Exton Location is a fairly new facility, having been built after January 1993.

37.     The Exton Location is within the geographic zone that Plaintiff typically travels as part of her routine activities.

38.     Accordingly, Plaintiff Slivak will continue to regularly visit the Exton Location in the future as part of her regular activities.

39.     Upon information and belief, Defendants have centralized policies regarding the management and operation of its facilities, and those policies are inadequate to ensure compliance with the ADA, as is demonstrated by the fact that the Exton Location remains non-compliant.

40.     Plaintiff will continue to attempt to access Defendants' Exton Location. However, so long as the Exton location continues to violate the ADA, Plaintiff will be unable to use it independently and will be, thereby, denied full access to Defendants' facilities.

41.     Unfortunately, based on counsel's investigation, Defendants' failure to comply with the ADA does not appear to be an isolated issue.

42.     Further investigation has disclosed additional Panera locations owned, operated, and/or leased by Defendants, which are not ADA-compliant.

43.     Specifically, the Panera restaurant located at 267 E. Swedesford Road, Wayne,

6

PA does not a have a parking space designated "van accessible."

44.     Moreover, the sign designating the space as van accessible is not at least 60 inches above ground level.

45.     Further, the Panera restaurant located at 150 Allendale Road, King of Prussia, PA does not a have a parking space designated "van accessible."

46.     The surfaces of one or more purportedly accessible parking spaces at 150 Allendale Road had slopes exceeding 1:48 (i.e., 2.1%).

47.     Finally, the Panera restaurant located at 319 East Lancaster Ave, Radnor, PA does not a have a parking space designated "van accessible."

48.     Plaintiff requests periodic monitoring to confirm that the public accommodations are brought into compliance and remain in compliance.

49.     Without injunctive relief, Plaintiff will continue to be unable to independently use Defendants' facilities.

## CLASS ACTION ALLEGATIONS

50.     Plaintiff brings this action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of herself and all individuals with disabilities who have attempted to access, or will attempt to access Defendants' facilities (the "Class").

51.     Upon information and belief, the Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Class members through this class action will benefit both the parties and this Court.

52.     Typicality:   Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories

7

and arise from the same unlawful conduct.

53.     Common Questions of Fact and Law:   There is a well-defined community of interest and common questions of fact and law affecting members of the Class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' facilities and/or services due to Defendants' failure to make its facilities fully accessible and independently usable as above described.

54.     The questions of fact and law common to the class include but are not limited to the following:

        a.     Whether Defendants own, operate, and/or lease a "public accommodation" under the ADA;

        b.     Whether Defendants' conduct in failing to make their facilities fully accessible and independently usable as described above violated the ADA, 42 U.S.C. § 12101 *et seq.*; and

        c.     Whether Plaintiff and members of the class are entitled to declaratory and injunctive relief.

55.     Adequacy of Representation:   Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the Class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and have no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

56.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a

whole.

### COUNT I
### VIOLATION OF THE ADA

57.     The allegations contained in the previous paragraphs are incorporated by reference.

58.     Defendants' facilities at the Exton Location were required to be altered, designed, or constructed so that they are readily accessible and usable by disabled individuals, including individuals who use wheelchairs.  42 U.S.C. § 12183(a)(1).

59.     The architectural barriers described above demonstrate that Defendants' facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs, including Plaintiff and the class she seeks to represent.

60.     The architectural barriers described above demonstrate that Defendants have failed to remove barriers, as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

61.     Defendants' facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

62.     Defendants are required to provide individuals who use wheelchairs full and equal enjoyment of its facilities.  *See* 42 U.S.C. § 12182(a).

63.     Defendants have discriminated against Plaintiff and the Class in that they have failed to make its Exton Location fully accessible to, and independently usable by, individuals who use wheelchairs in violation of the ADA, as described above.

64.     Defendants' conduct is ongoing, and, given that Defendants have not complied with the ADA's requirements that public accommodations be fully accessible to, and

9

independently usable by, individuals with disabilities, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

65.    Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendants certify that they are fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendants' non-compliance with the ADA's requirements that its facilities be accessible to, and independently usable, by individuals with disabilities is likely to recur.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, pray for:

a.    A Declaratory Judgment that at the commencement of this action Defendants were in violation of the specific requirements of Title III of the ADA described above;

b.    A permanent injunction which directs Defendants to take all steps necessary to bring their facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendants certify that all of their facilities are fully in compliance with the relevant requirements of the ADA to ensure that Defendants have adopted and are following an institutional policy that will in fact cause Defendants to remain in compliance with the law;

c.    An Order certifying the Class proposed by Plaintiff, and naming Plaintiff as the class representative and appointing her counsel as class counsel;

d.    Payment of costs of suit;

e.    Payment of reasonable attorneys' fees; and,

f.    The provision of whatever other relief the Court deems just, equitable and

10

appropriate.

## JURY DEMAND

Plaintiff Slivak hereby requests a jury on all issues so triable.

Date: July 31, 2017

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

/s/

Arkady "Eric" Rayz
Demetri A. Braynin
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com
E-mail: dbraynin@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Stephen E. Connolly
2200 Renaissance Boulevard, Suite 308
King of Prussia, Pennsylvania 19046
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
gwells@cwg-law.com
sconnolly@cwg-law.com

Counsel for Plaintiff and the Proposed Class

11