IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA SLIVAK, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>AMERICAN BREAD COMPANY, LLC.<br><br>　　　　　　　Defendant. | CIVIL ACTION<br><br>NO.: 2:16-cv-6294-MSG |

## **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

　　Defendant American Bread Company, LLC ("American Bread" or "Defendant"), by and through its undersigned counsel, Jackson Lewis, P.C., respectfully move for summary judgment pursuant to Federal Rule of Civil Procedure 56(a).

　　This action was brought under Title III of the Americans with Disabilities Act ("ADA") for alleged violations at the parking lots that are in the vicinity of four of Defendant's Panera locations.  Plaintiff Jessica Slivak ("Plaintiff") contends that the parking lots are places of public accommodation and that certain access barriers exist in the parking lots in violation of Title III of the ADA, 42 U.S.C. § 12101 et seq., and its implementing regulations.

　　As discussed more fully in Defendant's memorandum of law, summary judgment is proper for the following reasons:

　　1.　　Plaintiff cannot establish standing with respect to her individual claims as she has failed to establish "(1) [she] suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of [American Bread], and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Raines v. Byrd*, 521 U.S. 811, 820 (1997)); *See also, Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  The

record is devoid of evidence showing that Plaintiff was denied full and equal enjoyment or access to the locations she visited as she was able to park, enter the locations, and purchase goods and services.  *See, Anderson v. Kohl's Corp.*, No. 12-822, 2013 U.S. Dist. LEXIS 63479, *39 (W.D. Pa. May 3, 2013); *See also, Gonzales v. H E Butt Grocery Co.*, 226 F. App'x 342, 344-45 (5th Cir. 2007).  Defendant neither owns, leases, nor controls the parking lots in which Plaintiff alleges violations exist – a requirement for stating a claim under Title III of the ADA. *See, Hollinger v. Reading Health Sys.*, 2017 U.S. Dist. LEXIS 12871, at *18-19 (E.D. Pa. Jan. 30, 2017).  Plaintiff has not established that a judicial decision in her favor and against Defendant would result in her grievances being redressed as Defendant is not authorized to make any modifications to the parking lots that they neither own, operate, lease or control.  Such authority rests with the landlords, who are not parties to this suit.  *See, Constitution Party v. Cortes*, 712 F. Supp. 2d 387, 396 (E.D. Pa. 2010).

  2. Plaintiff cannot establish standing with respect to her class claims for several reasons.  First, as for the two locations she contends she has visited, Plaintiff cannot establish standing for the same reasons outlined above in point 1.  Second, as for the two locations she contends she has not visited, Plaintiff cannot establish standing as there is no evidence of a common policy, practice, or architectural design instituted by Defendant that applies to all locations and violates Title III of the ADA.  *See, Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 334 (D.N.J. 2003); *See also, Vondersaar v. Starbucks Corp.*, No. 12-5027, 2013 U.S. Dist. LEXIS 122064, at *8-9 (C.D. Cal. Aug. 26, 2013); *Equal Rights Ctr. v. Hilton Hotels Corp.*, No. 07-1528, 2009 U.S. Dist. LEXIS 126645, at *20-21 (D.D.C. Mar. 25, 2009); *Timoneri v. Speedway, LLC*, 186 F. Supp. 3d 756, 758 (N.D. Ohio 2016).  Third, Plaintiff cannot establish standing to challenge alleged accessibility violations on behalf of individuals with disabilities

unrelated to hers or with alleged injuries unrelated to hers. *See, Colorado Cross Disability Coalition v. Abercrombie & Fitch*, 765 F.3d 1205, 1213 (10th Cir. 2014); *See also, Access 4 All v. Oak Spring, Inc.*, No. 04-75, 2005 U.S. Dist. LEXIS 20218, at *24 (M.D. Fla. May 20, 2005); *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000).

      3.    Even if she could establish standing, which she cannot, Plaintiff's claims fail because she has not met her burden of proof for establishing discrimination under Title III of the Americans with Disabilities Act ("ADA"). Plaintiff has proffered no evidence of alleged violations in the parking lots in the vicinity of any of the four Panera locations referenced in her Complaint as she has offered nothing more than her own mere speculation and unsupported assertions made in her Complaint. *See, e.g., Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F.3d 318, 332-33 (3d Cir. 2005); *Anthony v. Duff & Phelps Corp.*, 432 F. App'x 140, 143 (3d Cir. 2011). Plaintiff has also failed to proffer any evidence of barrier removal methods or evidence that the suggested methods are readily achievable. *See, e.g., Wright v. RL Liquor*, No. 17-1133, 2018 U.S. App. LEXIS 8503, *5 (8th Cir. Apr. 4, 2018); *Theodore v. Lowell Gen. Hosp.*, No. 15-11774, 2017 U.S. Dist. LEXIS 45528, at *8 (D. Mass. Mar. 28, 2017).

Respectfully,

JACKSON LEWIS P.C.

By: */s/Angela Quiles Nevarez*
Angela Quiles Nevarez (PA ID# 321375)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
(267) 319-7802
angela.nevarez@jacksonlewis.com

Dated: May 3, 2018

Attorneys for Defendant
American Bread Company, LLC

4850-4799-9077, v. 1